UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| JAMES CLARK,<br><br>     Plaintiff,<br><br>v.<br><br>FIRST PREMIER BANK; and DOES 1-10 inclusive,<br><br>     Defendants. | **COMPLAINT**<br><br>JURY TRIAL DEMANDED |

    For this Complaint, the Plaintiff, Robert Clark, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff James Clark (hereinafter "Plaintiff") is a natural person who resides in the City of Jackson, County of Butts, State of Georgia, and is a "person" as defined by 47 U.S.C. § 153(39).

- 1 -

5. Defendant First Premier Bank ("First Premier Bank") is a South Dakota business entity, with an address of 601 S. Minnesota Avenue, Siox Falls, South Dakota 57104-4824, and is a "person" as defined by 47 U.S.C. § 153(39).

6. Does 1-10 (the "Agents") are individual agents employed by First Premier Bank and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

7. First Premier Bank at all times acted by and through one or more of the Agents.

## FACTS

8. In or around December 10, 2013, First Premier Bank called Plaintiff's cellular telephone, number 478-XXX-8780.

9. At all times relevant to this complaint, the Defendant used, controlled, and/or operated "automatic telephone dialing systems" and/or by using an artificial or prerecorded voice.

10. First Premier Bank originally had consent to call Plaintiff's cellular phone, however it no longer had consent to call after Plaintiff requested that First Premier Bank stop calling.

11. Nonetheless, First Premier Bank continued to call Plaintiff's cellular telephone.

12. Within four years immediately preceding the filing of this lawsuit, Defendant and their agents telephoned the Plaintiff's cellular telephones on numerous occasions in violation of the TCPA.

## COUNT I.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 et seq.

13. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14. At all times mentioned herein and within the last four years, Defendant called Plaintiff on his cellular phone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer") and/or by using a prerecorded or artificial voice.

15. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…" *2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers

that phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does no record the call as having been abandoned." *Id*. Further, the *2015 TCPA Order* (FCC 15-72), the FCC affirmed "that dialing equipment generally has the capacity to store or produce, and dial random or sequential numbers (and thus meets the TCPA's definition of 'autodialer') even if it is not presently used for that purpose, including when the caller is calling a set list of consumers."

16. Defendant's telephone systems have some of the earmarks of a Predictive Dialer. Often times when Plaintiff answered the phone, he was met with a recording before Defendant's telephone system would connect him to the next available representative.

17. Upon information and belief, Defendant's Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

18. Despite Plaintiff directing Defendant to cease all calls to his cellular telephone, Defendant continued to place automatic telephone calls to Plaintiff's cellular telephone knowing that it lacked consent to call his number at least 18 times. As such, each call placed to Plaintiff was made in knowing

and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

19. The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 277(b)(1).

20. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

21. The Plaintiff is entitled to statutory damages under the TCPA of $500.00 per telephone call made to Plaintiff pursuant to 47 U.S.C. § 227(b)(3)(B).

22. Defendant willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per telephone call made to the Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant as follows:

1. for an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. § 227(b)(3)(B);

2. for an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. § 227(b)(3);

3. for such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Respectfully submitted,

Dated: December 9th, 2015        **JOSEPH P. MCCLELLAND, LLC**

By: s/Joseph P. McClelland
Joseph P. McClelland, Esq.
Attorney I.D.#483407
Post Office Box 100
Jackson, Georgia 30233
Telephone: (770) 775-0938
Facsimile: (770) 775-0938
joseph@jacksonlaws.com
**Attorney for Plaintiff**